1

2

3

4

5        **UNITED STATES DISTRICT COURT**

6        **EASTERN DISTRICT OF CALIFORNIA**

7

8    JOSE SALUD LOYA,                          CASE NO. 1:14-CV-0877 LJO-SMS

9                    Petitioner,              FINDINGS AND RECOMMENDATIONS
                                              RECOMMENDING DENIAL OF THE
10        v.                                  PETITION

11   DAVID B. LONG, Warden,

12                    Respondent.

13

14

15        Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for

16   writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On August 22, 2014, this Court

17   screened the petition and, without addressing the merits, concluded that it was not plain from the

18   allegations that Petitioner is not entitled to relief and directed Respondent to file a response. Doc.

19   9. Respondent filed an answer addressing the merits of the petition, and Petitioner filed a traverse.

20   Docs. 18, 24. For the following reasons, the Court recommends that the petition be denied.

21   **I.        BACKGROUND**

22        On November 30, 2009, a City of Parlier police officer conducted a vehicle check after

23   seeing Petitioner swerve in his lane and pull off the roadway.[1] The officer testified in Petitioner's

24   jury trial that he asked Petitioner to step outside of the vehicle and Petitioner failed to comply with

25   the officer's multiple requests to maintain his hands above his head. The officer testified that he

26   saw a glass methamphetamine pipe fall to the ground. The officer caused Petitioner to fall to the

27   ground and told him he was under arrest. As Petitioner began to stand up, he fired a single shot

28   _____
     [1] This brief factual background is summarized from the California Court of Appeals opinion.

1  from a black revolver in his left hand over his left shoulder towards the officer's face. Petitioner

2  ran away, into an orchard, and raised his left arm. The officer fired at him. Plaintiff was arrested

3  without incident about an hour later.

4  Officers found a plastic bag of ammunition in the open area of the vehicle's center console.

5  They found a plastic bag of marijuana and a loaded pistol inside the center console of the vehicle.

6  Another round of ammunition was found under the passenger's seat, and more marijuana was

7  found in the vehicle's body molding for the wheel well. No firearm was found on Petitioner's

8  person or when officers retraced his steps from the vehicle to the location of arrest and searched a

9  swatch on either side. No gunshot residue was found on Petitioner's hands or clothing.

10  After a jury trial in the Superior Court of Fresno County, Petitioner was convicted of seven

11  felony offenses: 1) attempted murder of a peace officer; 2) assault with a firearm upon a peace

12  officer; 3-4) possession of a firearm by a convicted felon; 5) possession of ammunition by a

13  convicted felon; 6) possession of marijuana for sale; and 7) transportation of more than 28.5 grams

14  of marijuana. He was also convicted for one misdemeanor. On August 24, 2011, Petitioner was

15  sentenced to a prison term of life with the possibility of parole plus a consecutive twenty-one

16  years' imprisonment.

17  Petitioner pursued a direct appeal of the sentence on the grounds that the judge failed to

18  instruct the jury of the unanimity requirement, and that he could not be sentenced to concurrent

19  sentences for possession of a firearm and possession of ammunition pursuant to California Penal

20  Code Section 654. The California Court of Appeals affirmed the judgment, and the California

21  Supreme Court denied review.

22  Petitioner also applied for a writ of habeas corpus in the state court on the grounds that

23  there was insufficient evidence to convict him of attempted murder of a police officer, and that the

24  officer lacked probable cause to remove him from his vehicle. The California Supreme Court

25  denied the petition.

26  Petitioner filed the pending federal petition for habeas corpus on June 9, 2014. Petitioner

27  re-alleges the arguments made in his direct appeal and state habeas proceedings.

28

## II.    APPLICABLE LAW

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

The AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102. "A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Put another way, a federal court may grant habeas relief only when the state court's application of Supreme Court precedent was objectively unreasonable and no fair-minded jurist could disagree that the state court's decision conflicted with Supreme Court's precedent. *Williams*, 529 U.S. at 411.

## III.    DISCUSSION

### A.    Insufficiency of the Evidence and Lack of Probable Cause

Petitioner's first ground for relief is that his attempted murder conviction was not

1   supported by sufficient evidence. He argues that the prosecution's case rested solely on the police

2   officer's testimony, and there was no corroborating independent evidence. He argues that there

3   was overwhelming evidence in favor of his innocence including the lack of gunshot residue.

4   Petitioner submerges a second argument in his first grounds for relief –that the police officer

5   lacked probable cause to arrest him, and therefore, the evidence found during the search is

6   unconstitutional.

7          The California Supreme Court denied the petition citing *In re Dixon*, 41 Cal. 2d 756, 759

8   (Cal. 1953) and *In re Lindley*, 29 Cal. 2d 709, 723 (Cal. 1947). *Dixon* bars a convicted defendant

9   from bringing his claims in a state habeas petition unless he first pursued the claims on direct

10  appeal from his conviction. *Dixon*, 41 Cal. 2d at 759. *Lindley* states that "the sufficiency of the

11  evidence to warrant the conviction of the petitioner is not a proper issue for consideration" upon

12  habeas corpus. *Lindley*, 29 Cal. 2d at 723.

13  *Procedural Default*

14         "A federal habeas court will not review a claim rejected by a state court if the decision of

15  [the state] court rests on a state law ground that is independent of the federal question and

16  adequate to support the judgment." *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011) (internal

17  quotations omitted); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  To preclude federal

18  review, the state court must have clearly and expressly disposed of the claim based on a

19  procedural bar.  *Harris v. Reed*, 489 U.S. 255, 261-62 (1989).

20         The Ninth Circuit has begun to recognize the *Dixon* rule as an adequate and independent

21  procedural rule, which would preclude federal review. *E.g.*, *McKinney v. Kane*, 279 Fed. Appx.

22  450, 451 (9th Cir. Cal. 2008)("The district court did not err in holding that [*Dixon*] is an

23  independent and adequate state ground [...]."); *Flores v. Roe*, 228 Fed. Appx. 690, 691 (9th Cir.

24  2007) ("we agree with the district court that [*Dixon*] barred Petitioner's Confrontation Clause

25  argument because Petitioner failed to raise this argument in his direct appeal"). Several district

26  courts in the Ninth Circuit have also recognized the *Dixon* bar as an adequate and independent

27  procedural rule, precluding federal review. *E.g., Richardson v. Curry*, 2015 U.S. Dist. LEXIS

28  30724, *6-7 (N.D. Cal. Mar. 11, 2015); *Prera v. Paramo*, 2014 U.S. Dist. LEXIS 180110, *16

1   (C.D. Cal. Dec. 9, 2014); *Payne v. Lewis*, 2013 U.S. Dist. LEXIS 103034, *17 (E.D. Cal. July 22,

2   2013); *Lee v. Mitchell*, 2012 U.S. Dist. LEXIS 83503, *51 (C.D. Cal. May 1, 2012).

3          These cases cite to *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003), which suggested that

4   the *Dixon* rule would constitute an independent and adequate state grounds, and established a

5   burden-shifting analysis to determine whether a rule is adequate to bar federal review. *Bennett v.*

6   *Mueller*, 322 F.3d 573, 585-586 (9th Cir. 2003). "[O]nce the state has adequately pled the

7   existence of an independent and adequate state procedural ground as an affirmative defense, the

8   burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden

9   by asserting specific factual allegations that demonstrate the inadequacy of the state procedure,

10  including citation to authority demonstrating inconsistent application of the rule." *Id.* at 586.

11  Pursuant to their analyses under *Bennett*, they found the *Dixon* rule to be independent and

12  adequate, thus precluding federal review.

13         Accordingly, this Court will follow the Ninth Circuit and its district courts, and find that

14  the state has adequately pled that the *Dixon* rule is an independent and adequate state ground, and

15  the instant petition based on the grounds raised in Petitioner's state habeas proceedings is

16  procedurally defaulted. Petitioner has not asserted factual allegations demonstrating inconsistent

17  application of the *Dixon* rule. Neither has Petitioner shown that failure to consider his

18  insufficiency of evidence claim will result in a fundamental miscarriage of justice. Thus, this

19  Court will not review these claims raised in Petitioner's state habeas proceeding because the

20  California Supreme Court clearly and expressly disposed of the claim on a state law procedural

21  ground that is independent of the federal question and adequate to support the judgment.

22  Petitioner's federal habeas petition based on insufficiency of the evidence and lack of probable

23  cause is procedurally barred from review.

24         In addition, Petitioner's insufficiency of the evidence claim was further barred by *Lindley*,

25  which the Ninth Circuit has explicitly recognized as an independent and adequate state law

26  grounds which precludes federal review. *Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004).

27  The *Lindley* rule states that the sufficiency of the evidence is not a proper consideration upon

28  habeas corpus. *In re Lindley*, 29 Cal. 2d 709, 723 (Cal. 1947).

To the extent that Petitioner raises ineffective assistance of counsel on appeal in his traverse, this claim has not been exhausted and cannot be heard by this Court. *See* 28 U.S.C. § 2254(b)(1)(A) (habeas relief may not be granted unless "the applicant has exhausted the remedies available in the courts of the State," or an exception applies); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (A petitioner satisfies the exhaustion requirement by fairly presenting his claims to the highest state court before presenting them to the federal court.).

B.  Duplicate Sentences

Petitioner's third ground for relief is that he was unconstitutionally subjected to multiple sentences for the same offence in violation of the double jeopardy and due process clauses of the Fifth Amendment. He argues that he should not have been sentenced for the separate crimes for possession of a firearm by a convicted felon and possession of ammunition by a convicted felon because they are the same act when the ammunition is found inside of the firearm. He further argues that the record does not support a finding that the jury based its verdict on ammunition other than that found in the gun. The appeals court found that, under California Penal Code section 654, Petitioner was properly convicted of two separate acts because the jury found that he possessed two different loaded firearms, one of which was found inside the center console of the vehicle, and two additional calibers of ammunition, one of which was also found in the open area of the center console.

An application for a writ of habeas corpus in a federal district court by a person in custody under a judgment of a state court is only available to address violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

A habeas petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).  A mere error of state law is not a denial of due process. *Rivera v. Illinois*, 556 U.S. 148, 158 (2009)(*citing Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982)). Rather, petitioner must show that

1  the decision of the California Court of Appeal somehow "violated the Constitution, laws, or

2  treaties of the United States." *Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) (*quoting*

3  *Estelle*, 502 U.S. at 68). The Due Process Clause "safeguards not the meticulous observance of

4  state procedural prescriptions, but 'the fundamental elements of fairness in a criminal trial.'" *Id*.

5  (*quoting Spencer v. Texas*, 385 U.S. 554, 563-564 (1967).

6      California Penal Code Section 654 provides that a single act shall not be punished under

7  more than one provision. Cal. Pen. Code § 654(a); *People v. Jones*, 54 Cal. 4th 350, 353 (Cal.

8  2012). The California Supreme Court has found that possession of a loaded handgun is a single

9  act, which is not subject to imposition punishment for both unlawful possession of a firearm and

10  unlawful possession of ammunition. *People v. Lopez*, 119 Cal. App. 4th 132, 138 (Cal. App.

11  2004). Here, Petitioner's argument turns on whether he could be properly convicted of two

12  separate acts by possessing two firearms and two additional sets of ammunition apart from the

13  ammunition contained in those firearms. Hence, the instant petition seeks review of a state law and

14  does not raise a federal question. As discussed above, a federal writ is not available for alleged

15  error in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68

16  (1991). Petitioner does not present a constitutional issue cognizable under 28 U.S.C. § 2254 and is

17  not appropriate for federal habeas review.

18      Furthermore, the Court of Appeals clearly and reasonably argued that the record contained

19  substantial evidence supporting a finding that Petitioner committed the distinct act of unlawfully

20  possessing ammunition apart from ammunition loaded into a firearm, of which the jury convicted

21  him. The jury found that he had possessed a handgun on his person, and a second handgun inside

22  the vehicle's center console. Therefore, the appellate court reasonably found that there was no

23  evidence from which the jury could have concluded that he possessed some but not all of the

24  ammunition found in the vehicle. The appellate court's finding that Petitioner's possession of a

25  firearm by a convicted felon and possession of ammunition by a convicted felon were discrete

26  acts, and the determination that sentences for both acts was permissible, was reasonable. The

27  Court of Appeals decision was not contrary to, or involved an unreasonable application of, clearly

28  established Federal law. Therefore, the petition should also be denied on this ground.

C.  <u>Erroneous Jury Instruction</u>

Petitioner's second ground for relief is that the trial court failed to instruct the jury of the unanimity requirement regarding the ammunition possession. The trial court erroneously instructed the jury that they did not need to unanimously agree on which specific ammunition Petitioner possessed, but that it was sufficient for them each to find possession of any ammunition in order to convict him. The appeals court agreed that the trial court had an obligation to give the unanimity instruction in connection with the ammunition possession charge, but that error was harmless beyond a reasonable doubt. Based on California precedent, the appeals court found that the jury would have convicted Petitioner of possession of any of the various ammunition found in the vehicle. The jury had rejected Petitioner's defense that some other person had access to the vehicle and found him guilty of possession of all items of contraband inside the vehicle, including marijuana and a firearm in the center console, and marijuana found in the wheel well. Therefore, the jury could not have found that Petitioner possessed some, but not all of the ammunition found in the vehicle.

Errors in jury instructions are subject to harmless error analysis and do not merit habeas relief unless such error had a substantial and injurious effect or influence in determining the jury's verdict. *Hedgpeth v. Pulido*, 555 U.S. 57, 61-62 (2008). The erroneous instruction must have been "by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

Here, the appeals court's determination that the instructional omission was harmless beyond a reasonable doubt was not based on an unreasonable determination of the facts. The jury clearly convicted Petitioner of possession of all the different contraband items found in various places in the vehicle. The appeals court reasonably found that the jury would have convicted him of possession of any of the specific ammunition found inside of the vehicle, and the verdict would be unaffected if the unanimity instruction was given. Thus, the erroneous instruction did not result in a conviction that violates due process. The state court adjudication does not conflict with and was not based on an unreasonable application of clearly established federal law. Hence, the petition should be denied on this ground.

**IV.    CERTIFICATE OF APPEALABILITY**

For the reasons set forth above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hence, the Court should decline to issue a certificate of appealability.

**V.    RECOMMENDATION**

Based on the foregoing, it is RECOMMENDED that:

1.  The petition for writ of habeas corpus be DENIED;

2.  Judgment be ENTERED for Respondent; and

3.  The Court DECLINE to issue a certificate of appealability.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __April 25, 2015__                    _____/s/ Sandra M. Snyder____
                                        UNITED STATES MAGISTRATE JUDGE